IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FLAVIO ALVAREZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-158-TWT-LTW-3 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-3897-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Oakdale, Louisiana. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 65 in 1:11-cr-158-TWT-LTW.)[1]

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion and the record in this case and finds it plainly apparent that Movant is not entitled to relief for the reasons explained below.

---

[1] All citations to the record are to 1:11-cr-158-TWT-LTW.

On August 30, 2011, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to possess cocaine with intent to distribute it.[2] (Doc. 46.) On November 4, 2011, the Court sentenced Movant to 168 months in prison, ten years of supervised release, and a special assessment. (Doc. 62.) Attorney Whitman Matthew Dodge represented Movant at the plea and sentencing hearings.

Movant did not appeal his conviction or sentence. (Doc. 65 at 2.) The Court received his § 2255 motion, along with a supporting brief, on November 6, 2012.

Movant asserts two grounds for relief in his § 2255 motion, both of which allege ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the U.S. Constitution. First, Movant claims that Dodge was ineffective for not objecting to the Court's alleged failure to comply with 21 U.S.C. § 851(b), i.e., to ask Movant before sentencing whether he affirmed or denied the previous conviction alleged in an information for purposes of enhancing Movant's sentence. (Doc. 65 at 4; Doc. 65-2 at 5-9.) Second, Movant claims that Dodge was ineffective for not objecting to the Court's alleged failure to comply with Rule 11(b)(1) of the

---

[2] The plea agreement and the transcript of the plea hearing were filed under seal. The undersigned has reviewed both documents in preparing this Report and Recommendation, in which the plea agreement is cited as "Plea Agr." and the transcript is cited as "Plea Tr."

Federal Rules of Criminal Procedure, i.e., to inform Movant at the plea hearing of the rights he would waive if he pled guilty. (Doc. 65 at 5; Doc. 65-2 at 9-13.)

As noted above, Movant's first claim alleges non-compliance with 21 U.S.C. § 851(b). Section 851(b) provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). Movant argues that if Dodge had objected to the Court's failure to ask Movant about his prior conviction, his sentencing proceedings would have been different, i.e., he would have received a lower sentence. (Doc. 65-2 at 9.)

Movant's § 851 sentencing claim is barred by the appeal waiver in his plea agreement. Movant "voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground." (Plea Agr. at 9.) The only exceptions to the appeal waiver were if Respondent filed an appeal or if the Court departed upward or applied a higher base offense level than dictated by the U.S. Sentencing

3

Guidelines. (*Id.*) None of those things happened.³

An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). An appeal waiver does not waive the right to challenge the validity of the waiver itself. *See id.* at 1342 n.2.

At the plea hearing, the Court expressly questioned Movant about the appeal waiver in his plea agreement:

> THE COURT: Do you understand that as a part of your plea agreement with the Government you are giving up your right to appeal your sentence unless there's an upward departure from the guidelines or an appeal by the Government?
>
> THE DEFENDANT: Yes. Yes, I understand.
>
> THE COURT: Other than the plea agreement, has anyone threatened or

---

³ Indeed, at sentencing the Court granted Respondent's motion for a downward departure, which reduced Movant's sentence. (Doc. 60.)

4

forced you to give up your right to appeal your sentence?

THE DEFENDANT: No, nobody at all.

THE COURT: Other than the plea agreement, has anyone made any promise to you that caused you to give up your right to appeal your sentence?

THE DEFENDANT: Nobody has promised me anything.

THE COURT: Are you giving up your right to appeal your sentence freely and voluntarily?

THE DEFENDANT: Yes.

(Plea Tr. at 16-17.) Movant's discussion with the Court about the appeal waiver demonstrates that he knowingly and voluntarily agreed to it. The appeal waiver is valid and bars Movant's § 851 sentencing claim.

The appeal waiver does not bar Movant's second claim, which essentially is that his guilty plea is unconstitutional, because the waiver is part of the plea agreement and, thus, rises or falls with the validity of the plea. *See Williams*, 396 F.3d at 1342 n.2. The record, however, flatly contradicts Movant's assertions underlying the claim. Movant asserts that the Court did not advise him at the plea hearing of the following rights that he waived by pleading guilty: the right to a jury trial, the right to counsel at trial, the right to confront and question government witnesses at trial, the right to

5

be free from self-incrimination, and the right to present evidence in his own behalf. (Doc. 65-2 at 9-10.) Movant contends that Dodge should have objected to those omissions by the Court.

The transcript of the plea hearing demonstrates that the Court informed Movant of all the rights described above and the other rights set out in Rule 11(b)(1) and told Movant that he would waive those rights if he pled guilty. (Plea Tr. at 5-8); *see* Fed. R. Crim. P. 11(b)(1). Movant was first placed under oath. (Plea Tr. at 3.) The Court then described each right and asked Movant if he understood that he had that right before describing the next right. (*Id.* at 5-8.) Movant unequivocally told the Court in every instance that he understood. (*Id.*) The record clearly contradicts Movant's contentions that the Court failed to advise him of his rights and the consequences of pleading guilty. (*Id.*) It also is clear from Movant's sworn assertions at the plea hearing that he understood his rights and freely and voluntarily waived them by pleading guilty. (*Id.*); *see United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir.1987) (holding that when a defendant pleads guilty in Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and that the plea is knowing and voluntary). Thus, there was no basis for Dodge to object to Movant's guilty plea.

6

In sum, Movant is not entitled to relief under § 2255 on either of his claims. Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [65] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:12-cv-3897-TWT-LTW be **DISMISSED**. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss habeas petitions after affording the parties fair notice).[4] The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his claims lack merit. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 28 day of November, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[4] This Report and Recommendation provides such notice.

7